FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

14 APR 28 AM 7:57

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| CHARLES L. PHILLIPS, | ) | |
|---|---|---|
| | ) | 8:13-CV-211 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **PROTECTIVE ORDER** |
| PEARSON'S PAINTING, INC. | ) | |
| | ) | |
| Defendant. | ) | |

The parties expect the disclosure of documents in response to Plaintiff's subpoena on the Sherwin Williams Company ("Sherwin Williams") in this case may involve the disclosure of sensitive information, including, inter alia, pricing and other business information that is necessary to protect from public disclosure. Accordingly, the parties stipulate and agree to, and the Court finds good cause for, entry of the foregoing Protective Order pursuant to Fed. R. Civ. P. 26(c).

It is hereby ordered that:

1. The parties shall redact pricing information from any Sherwin Williams invoice filed or submitted to this Court.

2. Counsel for any party in this case may designate deposition testimony regarding Sherwin Williams' pricing information by advising the court reporter and counsel of such designation during the course of the deposition. Parties will not designate any publicly-available material as confidential.

3. Except as provided for herein, no person having access to pricing information shall make public disclosures of that material without further order of this Court.

4. Upon conclusion of this case, including any subsequent appeals, all originals and copies of invoices containing Sherwin Williams' pricing information (and all summaries thereof) shall be destroyed, unless: (i) otherwise ordered by the Court for good cause shown, (ii) the return or destruction of such materials is prohibited by law, or (iii) the document has been filed with the Court or used as an exhibit.

5. Notwithstanding anything to the contrary herein, the parties to the above-

captioned case shall have no obligation under this Order with respect to information that:

    a.    is or becomes publicly available (except as by unauthorized disclosure); or

    b.    is received from a third-party who is rightfully in possession of such information and who has the right to disclose it.

6.    This Order in no way alters or supersedes the parties' responsibilities under the E-Government Act of 2002, this Court's Electronic Filing Policies and Procedures, or any other applicable confidentiality laws, rules or regulations.

7.    Any party to the above-captioned case may petition this Court concerning a violation of this Order and request any available remedies, including, but not limited to, contempt proceedings.

8.    Entering into, agreeing to, and/or complying with the terms of this Order shall not:

    a.    operate as an admission that any particular discovery material constitutes, contains, or reflects confidential matter;

    b.    prejudice in any way the rights of any party to object to the production of documents or information it considers non-discoverable, or to seek a Court determination whether particular discovery materials should be produced;

    c.    prejudice a party from seeking modification or rescission of this Confidentiality Agreement; or

    d.    prejudice a party from seeking further protection of any confidential information.

9.    Nothing in this Order limits the parties' right to seek modification of this Order or to apply for additional protective orders as may become necessary due to a change in circumstances or for other good cause shown.

10.    Except as otherwise provided herein, the restrictions and obligations provided in this Order shall not terminate upon the conclusion of this lawsuit but shall continue subject to order of this Court.

**IT IS SO ORDERED.**

Dated this 28th day of April, 2014.

BY THE COURT:

s/ Thomas D. Thalken
UNITED STATES MAGISTRATE JUDGE