IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| CHARLES L. PHILLIPS, | 8:13CV211 |
| --- | --- |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| PEARSON'S PAINTING, INC., a Nebraska Corporation, | |
| Defendant. | |

This matter is before the Court on plaintiff's motion for attorney's fees pursuant to 29 U.S.C. § 216(b), Fed. R. Civ. P. 54(d), and NECivR 54.3 and 54.4. Filing No. 108. Plaintiff brought a claim alleging defendant failed to pay him overtime in violation of Fair Labor Standards Act, 29 U.S.C. § 201 et. seq ("FLSA") and the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. § 48-1228 et seq. ("NWPCA"). The Court found in favor of the plaintiff. Filing No. 106. Following a bench trial, the Court entered judgment in plaintiff's favor in the amount of $1,978.75 and allowed the parties to brief the issue of attorney fees. Filing No. 106 and Filing No. 107. Plaintiff requests $19,080.00 in attorney fees.

The Fair Labor Standards Act provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." See 29 U.S.C. § 216(b). This Court has awarded fees in similar cases under the FSLA. See Morales v. Farmland Foods, Inc., 2013 WL 1704722, *5 (D. Neb. April 18, 2013) ("purpose of the FLSA attorney's fee provision is to insure effective access to the judicial process," and "encourage the vindication of congressionally identified policies and rights"). "An award of attorney fees to a prevailing plaintiff under § 16(b) of the FLSA is mandatory, but the amount of the award is within the

discretion of the judge." *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir.1994). Since the FLSA does not discuss what constitutes a reasonable fee, "'[t]he determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees.'" *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir.1984)). *Morales*, 2013 WL 1704722, at *5.

The Court will first start with the lodestar calculation (multiply the number of hours reasonably expended by the reasonable hourly rate). See *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553-54 (2010) (presumption that the lodestar is reasonable); *Morales*, 2013 WL 1704722, at *5 (lodestar is a presumptively reasonable fee); *Marez v. Saint-Gobain Containers, Inc.*, 688 F.3d 958, 965 (8th Cir. 2012). The Court is required to determine the hourly rate times the hours expended in this case. *Hensley v. Eckerhart,* 461 U.S. 424, 433-37 (1983). The Court has the discretion to adjust the fee upward or downward, considering the results obtained and certain other factors. *Id.* at 434; *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974).

The Court must determine the appropriate rate in this case. Counsel for the plaintiff contends that the prevailing market rate supports a $200.00 per hour fee in this case. The Court agrees. Counsel Todd West, states that he bills at a rate of $200.00 per hour. Filing No. 110, Ex. 2, West Affid. at ¶ 8; *see also* Affid. of Kathleen M. Neary, Filing No. 110-1, ¶ 10 (indicating that with Mr. West's experience $200.00 is a low rate). He worked for 5 years at a corporate law firm in Omaha in the employment law area and has worked six years in state and federal court litigation. He has worked on state and federal wage payment

lawsuits. He is clearly an experienced employment law attorney. Further, the defendant has no objection to the rate of $200.00 per hour for Mr. West. The Court finds that a rate of $200.00 for counsel is reasonable.

The next step in the process is to construe the reasonable hours expended by Counsel. Counsel submits an itemization for 95.4 hours of his time. *See* [Filing No. 110-3](). Counsel contends that his time was increased because of the defendant's misleading testimony and missing and misleading documents. Further, plaintiff had to prepare for and try this case in court. Plaintiff agrees that some of his summaries and documents were not helpful to the Court, and this plaintiff discounts his hours in this regard. He also reduced his time by 20 hours.

Defendant contends that plaintiff should receive no more than $5,000 in attorney fees. Defendant contends that plaintiff only received $1,978.75 in this case, when he initially asked for well over $75,000; second, he argues the amount received is lower than the settlement offer of $5,000; and third, he asserts that $5,000 will vindicate plaintiff's rights for an "off the book arrangement". Plaintiff disagrees and argues that he could not submit meaningful time records earlier: (1) as defendant failed to produce these documents, and (2) failed to maintain many of the required records.

This Court previously stated: "'[i]n FLSA cases, … the attorneys' fees need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights.'" *[Morales](),* [2013 WL 1704722](), at *5 (citing *[Allende v. Unitech Design, Inc.](),* [783 F.Supp.2d 509, 511-12 (S.D.N.Y 2011)]().[1]

---

[1] *See* cases cited in *Morales*, *[Fegley v. Higgins](),* [19 F.3d 1126, 1134-35 (6th Cir. 1994)]() (affirming fee award of $40,000 on judgment of $7,680 for unpaid overtime); *[Lucio-Cantu v. Vela](),* [239 Fed. Appx 866 (5th Cir.]()

3

To the extent any such finding is required, the court first finds the plaintiff is a prevailing party for purposes of an attorney fee award under the Fair Labor Standards Act. The court agrees that plaintiff vindicated important rights as established by Congress. The court also finds fees should be awarded under the lodestar method. The court further agrees, as stated in its previous memorandum and order, that defendant's actions were willful. The court finds this was not a novel case, but the record keeping of the defendant surely complicated discovery and trial. The court has reviewed plaintiff's counsel's timekeeping records and finds by and large they are accurate, not redundant, and reasonable. The court finds plaintiff's counsel is skilled and experienced. However, the court does find that plaintiff did not obtain all the results he desired and had only limited success, and the amount of recovery was minimal.[2] The court agrees with the defendant in this regard. The court further finds that this case could have been settled prior to trial for an amount higher than the court's verdict.[3] However, the court acknowledges that the plaintiff did not have the benefit of today's hindsight and that the plaintiff's claim was at least in part meritorious. The court notes that the settlement offer of $5,000 would be short of the defendant's current position, a $1,978.75 judgment, $5,000 attorney fees and taxable court costs. It is unknown whether further pretrial negotiations were possible although the

---

2007) (no abuse of discretion for fee award of $51,750 on recovery amount of $4,679); Howe v. Hoffman-Curtis Partners Ltd, LLP, 215 Fed. Appx. 341, 342 (5th Cir. 2007) (affirming fee award of $129,805.50 on judgment of $23,357.30); Cox v. Brookshire Grocery Co., 919 F.2d 354, 358 (5th Cir. 1990) (affirming fee award of $9,250 on judgment of $1,181 for unpaid overtime); Bonnette v. California Health & Welfare, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming fee award of $100,000 on judgment of $18,455); Garcia v. Tyson Foods, 2012 WL 5985561 (D. Kan. Nov. 29, 2012) (awarding fees of $3.2 million on verdict of $533,011); James v. Wash Depot Holdings, Inc., 489 F.Supp.2d 1341 (S.D.Fl. May 14, 2007) (awarding fees of $114,021 on judgment of $3,493.62); Wales v. Jack M. Berry, Inc., 192 F.Supp.2d 1313 (M.D. Fl. Dec. 21, 2001) (awarding fees of $352,225.40 on recovery of $21,000). Morales, 2013 WL 1704722.

[2] Plaintiff initially requested $108,000 and later $75,000 in his settlement demands. Filing No. 112, Affidavit of Matthew M. Munderloh, ¶¶ 3-4.

[3] Defendant made settlement offers during pretrial in excess of what the Court awarded in the case.

defendant asserts an additional offer. In short, the defendant's position concerning attorney's fees is undermined since it now has the benefit of hindsight.

On the other hand, plaintiff's $75,000 claim from the outset was questionable at best, especially considering the personal feud between the parties. Although a $5,000 compromise offer is generally considered a nuisance offer, it was nonetheless consistent with the court's judgement. Under the circumstances, the court is reluctant to award attorney fees that equal a multiple greater than five times the verdict. Consequently, the court will reduce the requested attorney fees award to $10,000.00.

THEREFORE, IT IS ORDERED THAT:

1. The plaintiff's motion for attorney's fees ([Filing No. 108](#)) is granted.
2. The plaintiff is awarded attorney fees in the amount of $10,000.00.
3. A judgment will be entered in accordance with this Memorandum and Order.

Dated this 6th day of January, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge